IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(OWENSBORO DIVISION)

TREY LARGE                                                                                                                              PLAINTIFF
725 St. James Avenue
Henderson, Kentucky 42420

                                                                 Case No. **4:20-CV-70-JHM**

                                                                 Judge **Joseph H. McKinley, Jr.**

v.

EVANSVILLE TEACHERS FEDERAL                                       DEFENDANTS
CREDIT UNION
4401 Theater Drive
Evansville, Indiana 47715

         SERVE:     Evansville Teachers Federal Credit Union
                               c/o Andrew Guarino, Chairman
                               4401 Theater Drive
                               Evansville, Indiana 47715

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

         SERVE:     CSC-Lawyers Incorporating Service Co.
                               421 W. Main St.
                               Frankfort, KY 40601
                               (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Trey Large, and for his Verified Complaint against the Defendants,

Evansville Teachers Federal Credit Union ("ETFCU") and Equifax Information Services LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendants' failure to investigate Plaintiff's disputes regarding ETFCU's inaccurate and derogatory reporting on Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Trey Large, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 725 St. James Avenue, Henderson, Kentucky 42420.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, ETFCU, is a federally chartered credit union doing business in the State of Indiana with its principal place of business at 4401 Theater Drive, Evansville, Indiana 47715.

5. ETFCU is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Henderson County, Kentucky as a result of the Defendants doing business in Henderson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In or around December 2019, Plaintiff, who was in the process of attempting to obtain mortgage financing, accessed his Equifax credit report and discovered two ETFCU tradelines showing numerous late payments subsequent to the date of charge off of the accounts.

11. Plaintiff immediately disputed the accuracy of the ETFCU tradelines with Equifax in writing. Specifically, Plaintiff disputed ETFCU Acct No. ****1962006 and ETFCU Acct No. ****1963602 and requested that the accounts be corrected or deleted.

12. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified EFTCU of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

13. Plaintiff never received the results of his disputes from Equifax. In February 2020, however, Plaintiff again accessed his Equifax credit report and the ETFCU accounts were reporting as they were prior to the disputes. ETFCU and Equifax failed to investigate Plaintiff's disputes.

14. The Defendants' failure to investigate Plaintiff's disputes and their failure to maintain the accuracy of Plaintiff's credit history have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes and to delete or amend its reporting of the subject tradelines.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – ETFCU

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. ETFCU's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the ETFCU tradeline are violations of ETFCU's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

17. ETFCU's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ETFCU is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – ETFCU**

21. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. ETFCU's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the ETFCU tradeline, despite ETFCU's knowledge of the falsity of its reporting, are willful violations of ETFCU's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

23. Given ETFCU's knowledge of the falsity of its reporting, ETFCU's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ETFCU is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act - Equifax**

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

27. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Trey Large, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/ David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Trey Large, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Trey Large (Apr 25, 2020)_

Trey Large

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF HENDERSON         )

Subscribed, sworn to and acknowledged before me by Trey Large this 25 day of April, 2020.

Notary Public RHONDA ROSBOTTOM

Commission expires: March 28, 2022